UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

v.

**GROVEPORT MADISON**
**LOCAL SCHOOL DISTRICT**
**BOARD OF EDUCATION,**

  **Defendant.**

Case No. 2:22-cv-2488
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

### ENTRY OF CONSENT DECREE

### INTRODUCTION

This action was brought by Plaintiff United States of America ("United States") against Defendant Groveport Madison Local School District Board of Education (the "Board") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination filed by Amon-Ra Dobbins against the Board. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

1. The complaint filed by the United States alleges the Board, via the Groveport Madison Local School District (the "District"), discriminated against Dobbins when it subjected him to: 1) discrimination when he protested against the enforcement of what he believed was a discriminatory dress code policy; and (2) retaliation in response to opposing discriminatory employment practices at Groveport Madison High School (the "High School").

2. The Board denies it discriminated or retaliated against Mr. Dobbins. The Board

1

disputes the factual allegations set forth in the Complaint, particularly as they relate to the actions attributed to individuals. The Board is committed to maintaining an equitable, inclusive, and safe environment for all students, staff, and community stakeholders.

3. Nevertheless, the United States and the Board (collectively, "Parties"), desiring that this action be settled by an appropriate Consent Decree ("Decree"), and to avoid the burdens and risks of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. The Parties also agree that venue is proper in this district for the purposes of this Decree and proceedings related to this Decree only. This Decree, being entered into with the consent of the United States and the Board, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the Board or a finding of wrongdoing or violation of any applicable federal law or regulation. The Parties further agree that all statutory conditions precedent to the institution of the lawsuit have been fulfilled.

## I.

4. Having examined the terms and provisions of this Decree, the Court finds the following:

   (a) The Court has jurisdiction over the subject matter of this action and the Parties to this action.

   (b) The terms and conditions of this Decree are fair, reasonable, and just, and the rights of the Parties are protected adequately by this Decree.

   (c) This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

   (d) The entry of this Decree will further the objectives of Title VII and other applicable law, and will be in the best interests of the Parties.

In resolution of this action, the Parties hereby agree to, and the Court expressly **APPROVES**, **ENTERS** and **ORDERS** the following:

### A. Equitable Relief

5. Neither the Board, nor the District, by and through its officials, agents, and employees, shall engage in any act or practice that discriminates against any employee or applicant in violation of Title VII, including discrimination for protesting perceived discriminatory Board or District policies.

6. Neither the Board, nor the District, by and through its officials, agents, and employees, shall engage in any act or practice that constitutes retaliation in violation of Title VII, including retaliation for protesting perceived discriminatory Board or District policies. Any action that might deter a reasonable person from asserting rights protected by equal employment opportunity laws because that person has engaged in protected activity such as opposing an unlawful employment practice or participating in an investigation into unlawful practices, constitutes retaliation. Opposition or participation may include, but are not limited to: filing a charge with the EEOC; making complaints to supervisors, Board members, or District officials; or testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII, this case, or this Decree.

*Anti-Discrimination and Anti-Retaliation Policies*

7. Within thirty (30) days of the entry of this Decree, the Board and the District shall submit to the United States, for review and approval, proposed written anti-discrimination and anti-retaliation policies, including its procedures for reporting employee complaints of discrimination and retaliation.

8. The proposed policies shall comply with Title VII and shall include, at a minimum:

(a)     A clear statement that discrimination is prohibited and that complaints of discrimination or retaliation submitted by District or Board employees will be promptly addressed;

(b)     A clear statement that retaliation against a District or Board employee for submitting a complaint of discrimination is prohibited. Retaliation shall be defined as, at minimum, any action that might deter a reasonable person from asserting rights protected by equal employment opportunity laws because that person has engaged in protected activity under Title VII;

(c)     An appropriate description of what acts may constitute prohibited discrimination or retaliation, including a statement that discrimination or retaliation for protesting perceived discriminatory Board or District policies, is prohibited;

(d)     A description of the complaint process, including the manner in which an employee may make a complaint of discrimination or retaliation and indicating that a complaint may be written or oral;

(e)     The identification of the individuals authorized to accept complaints, which shall include an employee's immediate supervisor, and their contact information;

(f)     The identification of the individual(s) designated as responsible for investigating complaints of discrimination or retaliation submitted by District or Board employees and their contact information;

(g)     A description of the complaint investigation process. This process will include the person or persons by job title who may conduct the investigation and make conclusions about the results of the investigation, including the department to which the person or persons belongs, to whom, by job title, he or she reports, and

4

his or her jurisdiction;

(h) A description of the procedures for appropriate complaint follow-up and monitoring to ensure that discrimination and retaliation does not continue where inappropriate conduct has been reported;

(i) A description of the appropriate discipline policies, procedures, and guidelines that are designed to promptly correct discrimination and retaliation;

(j) A requirement that any supervisor or manager who witnesses or learns of possible discrimination or retaliation must take prompt action to report and address the issue even if no complaint has been filed; and

(k) A description of accountability measures, including any appropriate discipline, to ensure that supervisors and managers implement the policies relating to reporting, investigating, preventing, and correcting instances of discrimination and retaliation.

9. At the time the Board provides the written policies and procedures pursuant to Paragraph 7, the Board will identify by job title, the person(s) within the District's Department of Human Resources, or other District or Board departments, who will provide information to the Department of Justice concerning oversight of the newly implemented policies.

10. If the United States has any objection to the Board's or District's submitted policies, the United States will so notify the Board or District in writing within thirty (30) days of receipt of the submitted policies. While the United States generally will not withhold its approval of the policies, absent good cause, such approval may be subject to suggested revisions to the submitted policies. Regarding any timely made objections by the United States, the Parties agree to make a good faith effort to confer regarding any disagreements concerning the submitted policies prior to initiating the dispute resolution provisions of Paragraph 28.

11. In the event that the United States asserts an objection, the Board and District will adopt any policy changes in accordance with its normal process and shall adhere to the modified policies within thirty (30) days of the resolution of the objections of the United States to the revised policies. In the event that the United States does not assert an objection, the Board and District will adopt any policy changes in accordance with its normal process and shall adhere to the modified policies within thirty (30) days of notification from the United States that it has no objections to the policies.

12. Within thirty (30) days from the date that the Board adopts the finalized policies agreed to by the United States, the Board and the District shall disseminate the finalized policies among all of its employees, supervisors, officials, and human resources personnel involved in receiving or responding to complaints of discrimination or retaliation within the Board or District or otherwise providing oversight for enforcement of these policies within the Board and District. The Board and the District shall publicize such policies and procedures by, among other things, posting them in all buildings and facilities, by email to all employees of the Board and District, and on any internet or intranet website used for posting notices or policy changes for or concerning policies in effect for the Board and District. In addition, the Board and the District shall ensure each new employee hired receives a copy of the approved policies at the time of the new employee's hire. The Board and the District shall require all employees, current and new, to acknowledge that he or she has read and understands such policies, and such acknowledgments shall be maintained in the employee's personnel file.

13. Within thirty (30) days of the Board and District's distribution of the discrimination and retaliation policies, the Board shall provide the United States written verification that the Board and District completed the distribution in the manner prescribed by Paragraph 12, above.

*Required Trainings*

14. Within sixty (60) days from the date the Board adopts the agreed to policies, the Board and the District, at its own cost, shall provide the District's Executive Director of Human Resources, District Compliance Officers, Civil Rights Coordinators, and any other Board or District employee who is involved in receiving, investigating, and resolving complaints of discrimination and retaliation a mandatory, live (in person or virtually via the Internet), interactive training on prohibited employment practices under Title VII and on the Board's and District's anti-discrimination and anti-retaliation policies as developed or revised under this Decree. The training shall, at a minimum, include an explanation of those policies and the mechanism for reporting complaints of discrimination, including retaliation, and shall train such employees in discrimination and harassment law and methodology of conducting investigations in these areas.

15. At least thirty (30) days before the mandatory training in Paragraph 14 is conducted, the Board shall submit to the United States, for review and approval, background information about the trainer and the training materials to be used. If the United States has any objection to the Board's or District's proposed training program, including the materials or the proposed trainer, the United States will so notify the Board in writing within thirty (30) days of receipt of the proposed training program and materials. While the United States generally will not withhold its approval of the Board's or District's training materials, absent good cause, such approval may be subject to suggested revisions to the training materials. Regarding any timely made objections by the United States, the Parties agree to make a good faith effort to confer regarding any disagreements concerning the training program, materials, or trainer prior to initiating the dispute resolution provisions of Paragraph 28.

16. Within ninety (90) days from the date the Board adopts the agree to policies, the

Board and the District, at its own cost, shall begin providing an annual, mandatory, live (in person or virtually via the Internet), interactive training on prohibited employment practices under Title VII, and on the Board's and District's anti-discrimination and anti-retaliation policies as developed or revised under this Decree, to all Board and District supervisory employees and managers, provided, however, that the Board and the District may, on a limited case by case basis, provide training via duplicate video recording to accommodate staffing needs and special circumstances making live training infeasible or impractical (such as where a person is unavailable due to pre-scheduled leave or work travel). The training shall, at a minimum, include an explanation of those policies and the mechanism for reporting complaints of discrimination or retaliation, including identification of the person(s) to whom complaints of discrimination may be submitted, and shall specifically discuss the responsibilities of supervisors to report and investigate discrimination complaints, including retaliation.

17. At least thirty (30) days before the mandatory training in Paragraph 16 is conducted, the Board shall submit to the United States, for review and approval, the training materials to be used and identify, for review and approval, the person or persons who will provide the training and provide their credentials. At the same time the Board provides its proposed training materials to the Department, it will identify by job title the person or persons within the Board or District's Department of Human Resources or other Board or District department who will provide information concerning, and oversight of, the implementation of the training. If the United States has any objection to the Board's or District's proposed training program, including the materials or the proposed trainer, the United States will so notify the Board in writing within thirty (30) days of receipt of the proposed training program and materials. While the United States generally will not withhold its approval of the Board's or District's training materials, absent good cause, such

approval may be subject to suggested revisions to the training materials. Regarding any timely made objections by the United States, the Parties agree to make a good faith effort to confer regarding any disagreements concerning the training program, materials, or trainer prior to initiating the dispute resolution provisions of Paragraph 28.

18. Within one-hundred and twenty (120) days from the date the Board adopts the agreed to policies, the Board and the District, at its own cost, shall begin providing an annual, mandatory, live (in person or virtually via the Internet), interactive training on prohibited employment practices under Title VII, and on the Board's and District's anti-discrimination and anti-retaliation policies as developed or revised under this Decree, to all Board and District employees (not already covered under Paragraphs 14 and 16), provided, however, that the Board and the District may, on a limited case by case basis, provide training via duplicate video recording to accommodate staffing needs and special circumstances making live training infeasible or impractical (such as where a person is unavailable due to pre-scheduled leave or work travel). The training shall, at a minimum, include an explanation of those policies and the mechanism for reporting complaints of discrimination or retaliation, including identification of the person(s) to whom complaints of discrimination may be submitted.

19. At least thirty (30) days before the mandatory training in Paragraph 18 is conducted, the Board shall submit to the United States, for review and approval, the training materials to be used and identify, for review and approval, the person or persons who will provide the training and provide their credentials. At the same time the Board provides its proposed training materials to the Department, it will identify by job title the person or persons within the Board or District's Department of Human Resources or other Board or District department who will provide information concerning, and oversight of, the implementation of the training. If the United States

has any objection to the Board's or District's proposed training program, including the materials or the proposed trainer, the United States will so notify the Board in writing within thirty (30) days of receipt of the proposed training program and materials. While the United States generally will not withhold its approval of the Board's or District's training materials, absent good cause, such approval may be subject to suggested revisions to the training materials. Regarding any timely made objections by the United States, the Parties agree to make a good faith effort to confer regarding any disagreements concerning the training program, materials, or trainer prior to initiating the dispute resolution provisions of Paragraph 28.

20. Within thirty (30) days following the completion of the trainings required by Paragraphs 14, 16, and 18 above, the Board shall provide the United States written verification that the trainings have been completed and that all Board and District employees and personnel designated by the District as being responsible for either receiving or investigating complaints of discrimination or retaliation attended such trainings.

21. All persons who undergo the above-described mandatory training shall sign or register electronically an acknowledgment of attendance at the training. The Board shall keep on file all signed/registered acknowledgments for the term of this Decree and make them available for review by the United States upon request.

22. While the Decree remains in effect, Defendant shall retain necessary records to implement this Decree. The Board shall permit the United States to review compliance with this Decree at any time. As part of that review, within thirty (30) days of the date of entry of this Decree and every ninety (90) days thereafter during the term of this Decree, the Board shall provide copies of any documents and information relevant to its compliance with this Decree.

23. While the Decree remains in effect, the Board will retain all records, including any

papers, electronic files or writings of any kind, reports, studies, memoranda, letters, notes, charts, tables, rosters, manuals, guidelines, rules, lists, tabulations, press releases, books, articles, treatises, recordings or transcriptions of minutes, electronic files, machine readable format files, computer files, or audio or video recordings, electronic mail, and facsimiles, that come into its possession relating to:

    (a)    Complaints or charges of discrimination or retaliation made by employees of the Board or District: (1) internally; (2) with the EEOC; or (3) through or with any other federal or state agency authorized to receive such complaints. The United States shall not publicly disclose any complaints or charges received under this Paragraph unless it is required for the enforcement of this Decree.

    (b)    Any resulting investigation or disciplinary action taken related to the complaints referred to in Paragraph 23(a). This provision applies to any claims that arise from the effective date of this Decree through the term of this Decree as defined in Paragraph 34 of this Decree. The Board shall provide, when applicable: the name(s) and title(s) of individual(s) who conducted or are conducting the investigation; an estimate of when the investigation is expected to conclude; the steps taken during the investigation; name(s) of individual(s) interviewed; the findings of the investigation; the date the investigation was concluded; any corrective action or discipline given; and a description of the District's efforts to ensure that the accountability measures for supervisors and managers implemented under Paragraph 8(k) are carried out.

    (c)    The Defendant will provide copies of such records to the United States within ten (10) business days of its receipt of such complaints or charges, completion of any

investigation taken related to such complaints or charges, or disciplinary action taken related to such complaints or charges. The United States will have the right to request all documents related to such complaints or charges, or disciplinary action taken related to such complaints or charges, upon reasonable notice to the Board without further order of this Court.

### B. Individual Relief for Mr. Dobbins

24. Without admitting the allegations in the Complaint of the United States, and in settlement of the claims of the United States for relief on behalf of Mr. Dobbins, the Board agrees to provide Mr. Dobbins the following individual relief as set forth in the paragraphs below.

25. Within fourteen (14) days of the date of entry of this Decree: the United States shall send the proposed release in this matter attached as Appendix A ("Release") and a copy of this entered Decree to Mr. Dobbins's counsel; and in settlement of the claims of the United States for relief on behalf of Mr. Dobbins and in consideration of his signed Release, the District shall pay Mr. Dobbins a total monetary award of $200,000, of which $40,000 represents back pay and $160,000 represents compensatory damages. From the $40,000 attributable to back pay, the Board shall withhold all appropriate income tax withholdings and statutory deductions, and shall separately pay its portion of any Social Security tax and other applicable federal, state, and local employer-side taxes due and shall not deduct its portion of such taxes from the amount paid to Mr. Dobbins. The Board shall pay all such withheld monies to the appropriate governmental agencies and shall issue Mr. Dobbins the appropriate Internal Revenue Service tax forms on or before the date it is required by law to do so. Regarding the $160,000 attributable to compensatory damages, that amount shall be paid to Mr. Dobbins in full without any withholdings taken out, and the Board shall issue Mr. Dobbins an IRS Form 1099 and any other appropriate forms for the amount paid

to him. If Mr. Dobbins executes and returns the Release within thirty (30) days of the date it is sent, the District shall pay the required amounts by check made payable to "Mr. Amon-Ra Dobbins" and sent through his counsel.

26. The Board and the District shall provide neutral employment references for Mr. Dobbins that state only his dates of employment, his last job title, and his wage/income history, when communicating with prospective employers or any third party seeking a reference for him. Within fifteen (15) days of the date of entry of this Decree, the District shall provide Mr. Dobbins a letter of reference on District letterhead for his personal use that contains this same information. The Board and the District shall not refer in any way to the filing of this lawsuit by the United States or to his filing of an EEOC charge against the Board.

27. Within thirty (30) days from the effective date of this Agreement, the District shall remove from Mr. Dobbins's personnel file any reference to his having been terminated from employment. This includes the removal of any personnel action notice, performance improvement plan, or other personnel records referencing the reason for his separation from employment with the District. These items shall be placed in a separate file, outside of Mr. Dobbins' personnel file, with the District's superintendent. Moreover, the documents shall be accompanied by a statement indicating "The circumstances surrounding Mr. Dobbins' contract non-renewal were resolved pursuant to a consent decree between the Board and the United States Department of Justice. The aforementioned consent decree is attached." The parties understand the District is required to comply with R.C. 149.43, Ohio's public records law, and its records retention obligations under the law, and such compliance is not a violation of this Consent Decree.

### C. <u>Dispute Resolution</u>

28. The Parties shall attempt to resolve informally any disputes that may arise under

this Decree. The Parties shall engage in good faith efforts to resolve the issue before seeking action by the Court. If the United States and the Board are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by either party to the Court for resolution upon at least thirty (30) days' written notice to the other party.

### D. Contacts for the Parties

29. To the extent possible, all documents required to be delivered to the Parties and/or to Mr. Dobbins under this Decree shall be sent via electronic mail.

30. Where such electronic delivery is not possible, all documents required to be delivered under this Decree to the United States shall be sent via overnight delivery to the following address:

> Ejaz H. Baluch, Jr., Esquire
> Trial Attorney
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 4 Constitution Square
> 150 M Street, NE, Room 9.505
> Washington, D.C. 20002
> Ejaz.Baluch@usdoj.gov

31. Where such electronic delivery is not possible, all documents required to be delivered under this Decree to the Board shall be sent to the following address:

> Beverly A. Meyer, Esquire
> Bricker & Eckler LLP
> 312 N. Patterson Boulevard
> Suite 200
> Dayton, Ohio 45402
> bmeyer@bricker.com

### E. Contact for the Charging Parties

32. Where such electronic delivery is not possible, all documents required to be delivered under this Decree to Charging Party shall be sent to the following address:

> Mr. Amon-Ra Dobbins
> c/o Chanda L. Brown
> Walton + Brown, LLP
> 395 E. Broad Street, Suite 200
> Columbus, Ohio 43215

33. Either the United States, the Board, or Mr. Dobbins may update physical or electronic mailing addresses without requiring any changes to the Consent Decree.

### II.

34. The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree. At the end of eighteen (18) months from the date of entry of this Decree, without further order of the Court, this Decree shall be automatically dissolved, and this action shall be dismissed with prejudice.

35. Should the United States believe that the Board will not fully satisfy, within the eighteen months allotted by Paragraph 34, the obligations it has undertaken under this Decree related to its discrimination and retaliation policies, implementation of related training, or individual relief for Mr. Dobbins, it may, with notice to Defendant and an opportunity to respond, starting no earlier than sixteen (16) months and no later than seventeen (17) months after the effective date of this Decree, move the Court to extend the total duration of this Decree from eighteen (18) months up to but no more than twenty-four (24) months for the purpose of facilitating the Board's compliance.

36. The time limits set forth throughout this Decree for providing any information

required by this Decree may be expanded upon mutual consent of the Parties or upon order of the Court following written notice to the other party and the opportunity for the other party to respond.

### III.

37. The Parties shall bear their own costs, expenses, and attorney's fees in this action, except that the Parties shall retain the right to seek costs for any matter which in the future may arise from this Decree and require resolution by this Court.

38. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

39. This Decree may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one Decree. The Parties agree to be bound by electronic and facsimile signatures.

This case shall remain open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **6/20/2022** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |